1   **JONATHON R. PATTERSON, ESQ.**
    Nevada State Bar No. 9644
2   **LAW OFFICE OF JONATHON PATTERSON**
    6767 W. Tropicana Ave., Suite 200
3   Las Vegas, Nevada  89103
    jpattlaw@yahoo.com
4   (702) 966-5200
    (702) 966-5206 Facsimile
5   Attorney for Defendants,
    ANDREW KWON &
6   BHASKER PANCHAL

7
                    **UNITED STATES BANKRUPTCY COURT**
8
                          **DISTRICT OF NEVADA**
9

10  In re:                                    )        Case No.:  20-10956-abl
    EACHPOLE, INC.,                           )
11                                            )        Chapter 7 Bankruptcy
    _____Debtor._____     )
12  LINCO INC., as the Successor-In-Interest of the  )   Adv. Case No.:  20-01130-abl
    Bankruptcy Estates of EACHPOLE, INC., and )
13  TOP LIGHTING CORPORATION, dba ETOP        )
    LIGHTING CORPORATION,                     )
14                                            )
                     Plaintiff,               )
15                                            )    **DEFENDANTS    ANDREW    KWON**
                                              )    **AND BHASKER PANCHAL'S**
16  v.                                        )    **ANSWER TO PLAINTIFF'S FIRST**
                                              )    **AMENDED COMPLAINT**
17  BEAUTY MEMORY, a Nevada Nonprofit         )
    Corporation; LKIMMY, INC., a Nevada       )
18  Corporation; SYNGURU CORPORATION, a       )
    Nevada Corporation; CHRIS KIM, an         )
19  Individual; HYUNJUNE KIM, an individual; IL )
    KIM, an Individual; MISOOK KIM, an        )
20  Individual; HYUKJOON KWON, also known     )
    as, ANDREW KWON, an Individual;           )
21  BHASKER PANCHAL, an Individual DOES I     )
    Through X, inclusive; and ROE ENTITIES XI )
22  trough XX, inclusive,                     )
                                              )
23  _____Defendants._____ )

24
            Defendants ANDREW KWON & BHASKER PANCHAL (hereinafter know as "KWON") and
25
    (hereinafter  known  as  "PANCHAL")  by  and  through  their  Counsel  of  record,  JONATHON  R.
26
27  PATTERSON, ESQ. of the LAW OFFICE OF JONATHON PATTERSON., and files their Answer to

28

Plaintiffs' AMENDED Complaint filed herein on December 18, 2020 and admits, deny, states, and alleges as follows;

## I. Jurisdiction and Venue

1)      Answering Paragraph 1, this paragraph does not contain any substantive allegations and requires no response.

2)      These Answering Defendants admit the allegations contained in Paragraph 2.

3)      These Answering Defendants admit the allegations contained in Paragraph 3.

4)      These Answering Defendants admit the allegations contained in Paragraph 4.

5)      These Answering Defendants admit the allegations contained in Paragraph 5.

6)      These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 6 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

7)      These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 7 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

8)      These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 8 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

9)      This Answering Defendant admits that this Court has Jurisdiction over this proceeding.

10)     This Answering Defendant admits that this Venue is proper in this Court.

11)     Answering Paragraph 11, this paragraph does not contain any substantive allegations and requires no response.

## II. Nature of this Action

12)     These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 12 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

13)     These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 13 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

14)     These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 14 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

15)     These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 15(a)-(f) of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

16)     These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 16 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

17)     These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 17 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

18)     These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 18 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

### III. Parties

19)     These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 19 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

20)     These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 20 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

21)     This Answering Defendant admits that Debtor EP is and was a California Corporation and is licensed to do business in both California and Nevada.

22)     This Answering Defendant admits that Debtor TLC is and was a California Corporation and is licensed to do business in the States of California and Nevada.

23)     These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 23 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

24)     These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 24 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

25)     These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 25 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

26)     These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 26 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

27)     This Answering Defendant KWON admits he resides in San Bernardino and reside in the State of California but deny the remaining allegations in paragraph 27.

28)     This Answering Defendant PANCHAL admits that he resides in Los Angeles County in the State of California but deny the remaining allegations in paragraph 28.

29)     These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 29 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

30)     These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 30 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

31)     These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 31 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

32)     These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 32 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

33)     These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 33 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

34)     These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 34 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

///

///

## IV. General Allegations

35)      These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 35 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

### A. Patent Litigation

36)      These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 36 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

37)      These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 37 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

38)      This Answering Defendant KWON admits that he testified that Debtor TLC was financially healthy in May 2019.

39)      These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 39 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

40)      These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 40 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

41)      These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 41 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

### B. Fraudulent Transfer Scheme

42)      These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 42 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

<u>1. Transfer 1: Debtor TLC v. KIM and MISOOK</u>

43)      These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 43 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

2. Transfer 2: Debtor TLC vs. Kim

44)      These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 44 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

3. Transfer 3: Debtor TLC v. KIM

45)      These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 45 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

4. Transfer 4: Debtor TLC v. KIM

46)      These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 46 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

5. Transfer 5: Debtor TLC v. Chinese Entities

47)      These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 47 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

48)      These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 48 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

49)      These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 49 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

6. Transfer 6: Debtor TLC v. KIMMY

50)      These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 50 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

51)      These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 51 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

52)      These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 52 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

53) These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 53 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

54) These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 54 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

55) These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 55 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

56) These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 56 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

57) These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 57 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

58) These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 58 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

59) These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 59 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

60) These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 60 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

61) These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 61 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

7. Transfer 7: Debtor EP v. KIMMY

62) These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 62 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

63) These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 63 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

64)    These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 64 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

65)    These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 65 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

66)    These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 66 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

67)    These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 67 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

68)    These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 68 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

69)    These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 69 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

70)    These Answering Defendants are without sufficient knowledge as to the allegations set forth in Paragraph 70 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

### V. First Claim for Relief: Constructive Fraudulent Transfer

***Avoidance and Recovery of a Fraudulent Transfer (Insolvency)***

**11 U.S.C. Sec. 548(a)(1)(B)(ii)(I); 550**

*Transfer 1: Debtor TLC v. KIM and MISOOK*

71)    This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 71 to 80.

///

///

///

## VI. Second Claim for Relief: Constructive Fraudulent Transfer

### Avoidance and Recovery of a Fraudulent Transfer (Insolvency)

### 11 U.S.C. Sec. 548(a)(1)(B)(ii)(I); 550

*Transfer 2: Debtor TLC v. KIM*

72)     This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 81 to 90.

## VII. Third Claim for Relief: Constructive Fraudulent Transfer

### Avoidance and Recovery of a Fraudulent Transfer (Insolvency)

### 11 U.S.C. Sec. 548(a)(1)(B)(ii)(I); 550

*Transfer 3: Debtor TLC v. KIM*

73)     This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 91 to 100.

## VIII. Fourth Claim for Relief: Constructive Fraudulent Transfer

### *Avoidance and Recovery of a Fraudulent Transfer (Insolvency)*

### 11 U.S.C. §§ 548(a)(1)(B)(ii)(I); 550

*Transfer 4: Debtor TLC v. KIM*

74)     This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 101 to 110.

## IX. Fifth Claim for Relief: Constructive Fraudulent Transfer

### *Avoidance and Recovery of a Fraudulent Transfer (Insolvency)*

### 11 U.S.C. §§ 548(a)(1)(B)(ii)(I); 550

*Transfer 5: Debtor TLC v. Chinese Entities*

75)     This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 111 to 120.

## X. Sixth Claim for Relief: Constructive Fraudulent Transfer

### *Avoidance and Recovery of a Fraudulent Transfer (Insolvency)*

### 11 U.S.C. §§ 548(a)(1)(B)(ii)(I); 550

*Transfer 6: Debtor TLC v. Kimmy*

76)     This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 121 to 130.

## XI. Seventh Claim for Relief: Constructive Fraudulent Transfer

### *Avoidance and Recovery of a Fraudulent Transfer (Insolvency)*

### 11 U.S.C. §§ 548(a)(1)(B)(ii)(I); 550

*Transfer 7: Debtor EP v. Kimmy*

77)     This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 131 to 140.

## XII. Eighth Claim for Relief: Constructive Fraudulent Transfer

### *Avoidance and Recovery of a Fraudulent Transfer*

### 11 U.S.C. §§ 548(a)(1)(B)(ii)(II); 550

*Transfer 1: Debtor TLC v. KIM and MISOOK*

78)     This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 141 to 150.

### XIII. Ninth Claim for Relief: Constructive Fraudulent Transfer

***Avoidance and Recovery of a Fraudulent Transfer (Insolvency)***

**11 U.S.C. §§ 548(a)(1)(B)(ii)(II); 550**

*Transfer 2: Debtor TLC v. KIM*

79)     This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 151 to 160.

### XIV. Tenth Claim for Relief: Constructive Fraudulent Transfer

***Avoidance and Recovery of a Fraudulent Transfer***

**11 U.S.C. §§ 548(a)(1)(B)(ii)(II); 550**

*Transfer 3: Debtor TLC v. KIM*

80)     This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 141 to 150.

### XV. Eleventh Claim for Relief: Constructive Fraudulent Transfer

***Avoidance and Recovery of a Fraudulent Transfer***

**11 U.S.C. §§ 548(a)(1)(B)(ii)(II); 550**

*Transfer 4: Debtor TLC v. KIM*

81)     This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 171 to 180.

### XVI Twelfth Claim for Relief: Constructive Fraudulent Transfer

***Avoidance and Recovery of a Fraudulent Transfer***

**11 U.S.C. §§ 548(a)(1)(B)(ii)(II); 550**

*Transfer 4: Debtor TLC v. Chinese Entities (Roe Corporations)*

82)    This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 181 to 190.

## XVII. Thirteenth Claim for Relief: Constructive Fraudulent Transfer

### *Avoidance and Recovery of a Fraudulent Transfer*

### **11 U.S.C. §§ 548(a)(1)(B)(ii)(II); 550**

*Transfer 6: Debtor TLC v. KIMMMY*

83)    This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 191 to 200.

## XVIII Fourteenth Claim for Relief: Constructive Fraudulent Transfer

### *Avoidance and Recovery of a Fraudulent Transfer*

### **11 U.S.C. §§ 548(a)(1)(B)(ii)(II); 550**

*Transfer 7: Debtor EP v. KIMMY*

84)    This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 201 to 210.

## XIX. Fifteenth Claim for Relief: Breach of Fiduciary Duty

### *Debtor TLC v. KIM, KWON, and PANCHAL*

85)    Answering Defendants KWON and PANCHAL repeat and re-allege their responses to Paragraphs 1 to 201 and incorporates the same as if set forth fully herein.

86)    These Answering Defendants KWON and PANCHAL are without sufficient knowledge as to the allegations set forth in Paragraph 212 of Plaintiffs' Amended Complaint on file herein, and therefore deny same.

87)    Answering Paragraph 213 Plaintiffs' Amended Complaint, of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL believes this Paragraph contains purported legal conclusions and/or statements of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically deny each and every allegation contained therein.

88)    Answering Paragraph 214 of Plaintiffs' Amended Complaint, of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL believe this Paragraph contains purported legal conclusions and/or statements of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically deny each and every allegation contained therein.

89)    Answering Paragraph 215 of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL deny the allegations contained therein.

90)    Answering Paragraph 216 of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL deny the allegations contained therein.

91)    Answering Paragraph 217 of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL deny the allegations contained therein.

92)    Answering Paragraph 218 of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL deny the allegations contained therein.

93)    Answering Paragraph 219 of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL deny the allegations contained therein.

94)    Answering Paragraph 220 of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL deny the allegations contained therein.

95)    Answering Paragraph 221 of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL deny the allegations contained therein.

96)    Answering Paragraph 222 of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL deny the allegations contained therein.

97)    Answering Paragraph 223 of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL deny the allegations contained therein.

98)    Answering Paragraph 224 of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL deny the allegations contained therein.

99)    Answering Paragraph 225 of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL deny the allegations contained therein.

100)    Answering Paragraph 226 of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL deny the allegations contained therein.

101)    Answering Paragraph 227 of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL deny the allegations contained therein.

102)    Answering Paragraph 228 of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL deny the allegations contained therein.

103)    Answering Paragraph 229 of Plaintiffs' Amended Complaint, of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL believe this Paragraph contains purported legal conclusions and/or statements of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically deny each and every allegation contained therein.

### XX. Sixteenth Claim for Relief: Breach of Fiduciary Duty

*Debtor TLC v. KIM, MISOOK and CHRIS*

104)    This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 230 to 248.

### XXI. Seventeenth Claim for Relief: Conversion

*Transfer 1: Debtor TLC v. MISOOK and KIM*

105)    This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 249 to 254.

## XXII. Eighteenth Claim for Relief: Conversion

*Transfer 2-5: Debtor TLC v. KIM*

106)    This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 255 to 260.

## XXIII. Nineteenth Claim for Relief: Conversion

*Transfer 6: Debtor TLC v. KIMMY*

107)    This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 261 to 266.

## XXIV. Twentieth Claim for Relief

*Conspiracy to Commit Constructive Fraud Pursuant to 11 U.S.C. 548(a)(1)(B)(ii)(II)*

*Transfer 1: Debtor TLC v. KIM and MISOOK*

108)    This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 267 to 270.

## XXV. Twenty-First Claim for Relief

*Conspiracy to Commit Constructive Fraud Pursuant to 11 U.S.C. 548(a)(1)(B)(ii)(II)*

*Transfer 1: Debtor TLC v. KIM and MISOOK*

109)    This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 271 to 274.

### XXVI. Twenty-Second Claim for Relief

*Conspiracy of Conversion*

*Transfer 1: Debtor TLC v. KIM and MISOOK*

110)    This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 275 to 278.

### XXVII. Twenty-Third Claim for Relief: Turnover of Property of the Estate

*Against All Defendants*

111)    Answering Paragraph 279, these Answering Defendants KWON and PANCHAL repeat and re-allege their responses to Paragraphs 1 to 278 and incorporates the same as if set forth fully herein.

112)    Answering Paragraph 280 of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL deny the allegations contained therein.

113)    Answering Paragraph 281 of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL deny the allegations contained therein.

114)    Answering Paragraph 282, of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL believe this Paragraph contains purported legal conclusions and/or statements of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically deny each and every allegation contained therein.

115)    Answering Paragraph 283 of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL believe this Paragraph contains purported legal conclusions and/or statements of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically deny each and every allegation contained therein.

**XXVI. Twenty-Fourth Claim for Relief: Substantive Consolidation**

*Against KIM, MISOOK, KIMMY, BEAUTY, and SYNGURU*

116)    This Cause of Action does not contain allegations against Defendants PANCHAL and KWON. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 284 to 288.

**XXIX. Twenty-Fifth Claim for Relief: Injunctive Relief**

*Against All Defendants*

117)    Answering Paragraph 289, these Answering Defendants KWON and PANCHAL repeat and re-allege their responses to Paragraphs 1 to 288 and incorporates the same as if set forth fully herein.

118)    Answering Paragraph 290, of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL believe this Paragraph contains purported legal conclusions and/or statements of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically deny each and every allegation contained therein.

119)    Answering Paragraph 291 of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL believe this Paragraph contains purported legal conclusions and/or statements of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants generally and specifically deny each and every allegation contained therein.

120)    Answering Paragraph 292 of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL believe this Paragraph contains purported legal conclusions and/or statements of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants generally and specifically deny each and every allegation contained therein.

121)    Answering Paragraph 293 of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL believe this Paragraph contains purported legal conclusions and/or statements of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants generally and specifically deny each and every allegation contained therein.

122)    Answering Paragraph 294 of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL believe this Paragraph contains purported legal conclusions and/or statements of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants generally and specifically deny each and every allegation contained therein.

123)    Answering Paragraph 295 of Plaintiffs' Amended Complaint, of Plaintiffs' Amended Complaint, Defendants KWON and PANCHAL believe this Paragraph contains purported legal conclusions and/or statements of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants generally and specifically deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted against the Answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the Doctrine of Laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the Doctrine of Waiver.

### FIFTH AFFIRMATIVE DEFENSE

The Answering Defendant aver that Plaintiff's injuries and damages, if any, were contributed to and caused by Plaintiff's own acts and negligence, which negligence was greater than Defendant' negligence, if any.

///

///

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages and/or Defendant is entitled to a reduction in damages under the doctrine of avoidable consequences.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are reduced, in whole or in part, by virtue of the actions of third persons over whom the Answering Defendant exercised no control and whose actions were a proximate cause of Plaintiff's alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is guilty of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the Doctrines of Estoppel, Estoppel by Fraud, and/or Equitable Estoppel.

### TENTH AFFIRMATIVE DEFENSE

The conduct of the Answering Defendant alleged to be wrongful was induced by Plaintiff's own conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff ratified, approved or acquiesced in the actions of Answering Defendant.

### TWELVETH AFFIRMATIVE DEFENSE

The Answering Defendant, at all relevant times herein, acted in accordance with reasonable standards, in good faith, with reasonable care and did not contribute to the alleged damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the Doctrine of Collateral Estoppel.

///

///

### FOURTEENTH AFFIRMATIVE DEFENSE

The Answering Defendant denies each and every allegation of Plaintiff's Complaint not specifically pleaded to herein.

### FIFTEENTH AFFIRMATIVE DEFENSE

It has been necessary to employ the services of an attorney to defend this action and a reasonable sum should be allowed Defendant as and for attorneys' fees, together with costs expended on this action.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of mutual mistake, unilateral mistake, impossibility, or impracticability.

### SEVENTH AFFIRMATIVE DEFENSE

That Plaintiff's claims are barred by the doctrine of equitable rescission.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred on the grounds that any assent to any alleged contract was obtained by Plaintiff's misrepresentations, concealment, circumvention, and unfair practices.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant incorporates by reference those affirmative defenses enumerated in FRCP 8, as if fully set forth herein. If further investigation or discovery reveals the applicability of any such defenses, Defendant reserve the right to seek leave of Court to amend this answer to specifically assert any such defense.  Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defenses.

WHEREFORE, Defendants, ANDREW KWON and BHASKER PANCHAL, pray as follows:

1.    Find for Defendants and against the Plaintiff on all causes of action;

1    2.    Award reasonable attorney's fees, costs of suit and pre-judgment interest in favor of

2  Defendants and against the Plaintiff; and,

3    Award such other relief as this Court deems just and proper in this matter.

4

5

6    DATED this 8th day of June, 2021.

7

8                                                    **LAW OFFICE OF JONATHON PATTERSON**

9                                    /s/    *Jonathon R. Patterson*

10                                           _____
                                              **JONATHON R. PATTERSON, ESQ.**
                                              Nevada Bar No. 9644

11                                            Attorney for Defendants,
                                              ANDREW KWON and BHASKER PANCHAL

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

**STATE OF NEVADA** )
) ss.
**COUNTY OF CLARK** )

I, JONATHON R. PATTERSON declare:

I am a resident of and employed in Clark County, Nevada.  I am over the age of eighteen years and not a party to the within action.  My business address is 6767 W. Tropicana Avenue, Suite 200, Las Vegas, NV  89103.

On June 8, 2021 I served the document described as **ANSWER TO FIRST AMENDED COMPLAINT** on the parties listed below:

| | |
|---|---|
| Ryan A. Andersen, Esq.<br>ANDERSEN LAW FIRM, LTD.<br>3199 E. Warm Springs Rd., Ste. 400<br>Las Vegas, NV 89120 | Robert C. Hsu, Esq.<br>LEXINT LAW GROUP, APLC<br>13300 Crossroads Parkway, Suite 100<br>City of Industry, CA  91746 |
| Ryan J. Works, Esq.<br>McDonald Carano Wilson LLP<br>2300 W. Sahara Ave., Suite 1200<br>Las Vegas, NV  89102 | Carrie E. Hurtik, Esq.<br>6767 W. Tropicana Avenue, Suite 200<br>Las Vegas, NV  89103 |

☒ **VIA U.S. MAIL:**  by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada.  I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing.  Under that practice, it would be deposited with the U.S. postal service on that same day with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

I declare under penalty of perjury that the foregoing is true and correct.
Executed at Las Vegas, Nevada, on June 8, 2021.

____/S/:Jonathon R. Patterson, Esq._____
JONATHON R. PATTERSON, an employee of
Law office of Jonathon Patterson, Esq.